**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**VARDAN SHAHMURADYAN** | **CIVIL DOCKET NO. 1:26-CV-0509 SEC P**

**VERSUS** | **JUDGE TERRY A. DOUGHTY**

**BRIAN ACUNA ET AL,** | **MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Vardan Shahmuradyan ("Shahmuradyan"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Petitioner has also filed a Motion to Expedite (doc. 9) and Motion for Ruling on Petition (doc. 12), both of which are presently pending.

This matter has been referred to the undersigned for review, report and recommendation pursuant to 28 U.S.C. § 636 and the standing orders of this Court. Because Shahmuradyan has not established that his present detention is unlawful under controlling law, it is recommended that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Petitioner is a native and citizen of Armenia who attempted to enter the United States without proper documentation on November 1, 2024, at the San Ysidro, California Port of Entry. *See* Notice to Appear dated December 5, 2024, attached to Government's Response as Exhibit A, doc. 7-1; *see also* Petition, doc. 1, pp. 3-4, ¶ 12. Petitioner was taken into custody the same day. *Id*. A Notice to Appear (NTA) was issued charging Petitioner as inadmissible for being present in the U.S. without being in possession of or presenting a valid entry document. *See* doc. 7-1; *see also* 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner has been in Department of Homeland Security (DHS)

custody since November 1, 2024, and is currently detained at the Winn Correctional Center in Winnfield, Louisiana. *See* doc. 1, ¶¶ ¶ 2, 5, 7. On August 18, 2025, Petitioner's Application for Asylum, Withholding of Removal, and Convention Against Torture was denied and Petitioner was issued an order to be removed to Armenia by an immigration judge presiding at the Oakdale Immigration Court. *See* Order of the Immigration Judge dated August 18, 2025, doc. 7-2; and Doc. 1, ¶¶ 3, 20. Petitioner appealed the immigration judge's decision, and his appeal is currently pending before the Board of Immigration Appeals (BIA). *See* doc. 7-2; *see also* Doc. 1, ¶¶ 12, 21, 26.

Petitioner originally claimed that his detention violates 8 U.S.C. § 1231(a)(6), alleging that the ninety-day statutory removal period and the six month presumptively reasonable detention period have passed. Petitioner also argues that his detention violates his substantive and procedural due process rights pursuant to the Due Process Clause of the Fifth Amendment. Doc. 1, ¶¶ 29-34. In response to the Government's contention that he is not detained pursuant to 8 U.S.C. § 1231 because he is not subject to a final order of removal, Petitioner pivots and argues that even if he is detained pursuant to 8 U.S.C. § 1225(b), prolonged detention exceeding one year without any individualized custody determination violates the Fifth Amendment's guarantee of procedural due process.

## II. Law and Analysis

### A. Statutory Challenge

Section 1225(a)(1) provides that "[a]n alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A) further provides that, if an immigration officer determines that

such an applicant for admission is not clearly and beyond a doubt entitled to admission, the alien "shall be detained" pending removal proceedings. *Id.* § 1225(b)(2)(A).

Congress broadly crafted "applicants for admission" to include undocumented aliens present within the United States like Petitioner. *See* 8 U.S.C. § 1225(a)(1); *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 502 (5th Cir. 2026). And Congress directed that aliens like Petitioner shall be detained during their removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded.") Under *Buenrostro-Mendez*, those facts place him within the scope of § 1225(b)(2), and this Court is bound by controlling Fifth Circuit precedent.

**B. Shahmuradyan's Constitutional Challenge**

Shahmuradyan also argues that his continued detention violates the Due Process Clause of the Fifth Amendment. Detention during removal proceedings may be constitutionally permissible. *See Demore v. Kim*, 538 U.S. 510, 523 (2003). And, as a statutory matter, the Supreme Court has held that § 1225(b) mandates detention throughout the applicable removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 300–01 (2018). But *Jennings* did not resolve whether prolonged mandatory detention may violate due process as applied.

Several decisions within this District have recognized a procedural due process interest where the petitioner was re-detained after having previously been formally released from immigration custody or after a prior custody determination remained operative. *See Diallo v. Trump*, No. 1:25-CV-2012, 2026 WL 1230389 (W.D. La. March 5, 2026); *Kilic v. Acuna et al.,* No. 1:25-CV-01928, 2026 WL 1652575, at *2 (W.D. La. June 8, 2026); *Khurguani v. Ladwig,* No.

1:25-CV-01959, 2026 WL 2078901, at *1 (W.D. La. May 13, 2026); *Ghughunishvili v. Trump*, No. 3:26-CV-086 (W.D. La. March 20, 2026). Those circumstances are not alleged here.

On July 6, 2026, Petitioner filed a Notice of Supplemental Authority and Motion to Consider *Sosnava Rodriguez v. Ortega*, 180 F.4th 702, 728 (5th Cir. July 2, 2026), asking this Court to apply the Fifth Circuit holding that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days . . . without a bond hearing"—"but no longer." However, eight days after the initial ruling, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. July 10, 2026). The Fifth Circuit also stayed the underlying district court judgments pending rehearing *en banc*. *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026).

Given the vacatur of the panel opinion and the absence of any prior release or operative custody determination, Shahmuradyan has not established that his present detention violates the Due Process Clause.

## III. Conclusion

Because Shahmuradyan has not established that his present detention is unlawful under controlling law, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should controlling precedent or Shahmuradyan's circumstances materially change.

IT IS FURTHER RECOMMENDED that all pending motions be DENIED as MOOT.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 8th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE